IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| AMIKA LATIMER, | : | |
| Plaintiff, | : | CIVIL ACTION FILE NO. |
| | : | |
| vs. | : | |
| | : | _____ |
| HARTFORD LIFE and ACCIDENT | : | |
| INSURANCE COMPANY, | : | |
| Defendant | : | |

COMPLAINT

COMES NOW, AMIKA LATIMER, Plaintiff in the above-styled action and shows this Court the following:

1.

Defendant Hartford Life and Accident Insurance Company (hereinafter, "Hartford") may be served with service of process, if waiver of service is declined, by serving its registered agent, to wit:

> CT Corporation Systemn
> 289 Culver Street
> Lawrenceville, GA 30046-4805

2.

Plaintiff, for all relevant times herein, was a participant in RICOH USA, INC. (hereinafter, "Ricoh") long term disability plan (hereinafter, "LTD"), said

plan being administered and insured by Hartford.

3.

The plan is governed under the Employee Retirement Income Security Act (hereinafter, "ERISA").

4.

The United States District Court has jurisdiction over this action as Section 502(e)(1) of ERISA provides that the district courts of the United States shall have jurisdiction of civil actions brought by participants or beneficiaries pursuant to ERISA. 29 U.S.C. § 1132(e)(1).  In addition, 28 U.S.C. § 1331 provides that "the district courts shall have original jurisdiction of all civil actions under the Constitution, laws, or treaties of the United States."  This action arises under ERISA, a law of the United States.

5.

On or about, January 7, 2020, plaintiff stopped working for Ricoh.  At that time, plaintiff's occupation was a technical specialist, with an average monthly income of $3,120.00.

6.

Plaintiff's disability has been caused by, but not limited to tension headaches, cervicalgia, thoracic pain, low back pain, dorsopathy, stiffness, pelvic

obiquity, etc...

7.

Hartford approved Ms. Latimer's short term-term disability benefit claim.

8.

At the expiration of short term disability benefits (July 7, 2020), Hartford denied the long term disability claim by letter dated August 25, 2020.

9.

Plaintiff filed her administrative appeal request on or about February 8, 2021.

10.

On April 28, 2021, Hartford affirmed its decision to deny long term disability benefits.

`

11.

The LTD plan's initially defines disability as being prevented from performing one or more of the essential duties of your occupation during the elimination period and your occupation for the 12 months following the elimination period and as a result of your current monthly earnings are less than 80% of your indexed pre-disability earnings.

12.

Ms. Latimer's was disabled from her own occupation in accordance with the plan's definition of disability through December 10, 2020.

13.

Plaintiff has met ERISA's exhaustion requirement to allow this court to conduct the appropriate judicial review of the decision to terminate long term disability benefits.

## COUNT ONE

14.

Plaintiff incorporates by reference ¶¶ 1-13 as if fully set forth herein.

15.

Hartford's decision to affirm its denial of long term disability benefits was wrong.

16.

Assuming Hartford had discretionary authority to decide claims, Hartford's decision was arbitrary and capricious.

17.

Plaintiff is owed monthly disability benefits in accordance with the LTD plan (2/3 of her average monthly income ($3,120.00) or $2,080.10/month for the period of July 8, 2020 through December 10, 2020).

COUNT TWO

18.

Plaintiff reincorporates ¶¶ 1-17 as if fully set forth herein.

19.

Defendant is responsible to pay Plaintiff interest concerning the long term disability benefits under an equitable or legal theory. 29 U.S.C. § 1132 (a)(3).

COUNT THREE

20.

Plaintiff reincorporates ¶¶ 1-19 as if fully set forth herein.

21.

Defendant is responsible to provide Plaintiff her reasonable attorney fees/costs of litigation pursuant to 29 U.S.C. § 1132 (g)(1).

WHEREFORE, Plaintiff prays Defendant be served with a summons and complaint if service is not waived, the court decree Plaintiff is disabled under the plan, Plaintiff receive judgment for her disability benefits, interest, attorney fees, expenses of litigation, court costs and any further order this Court deems just and proper.

Respectfully,

*/s/ Kenneth Behrman*
Kenneth Behrman, Esq.
Georgia Bar No. 046995
Attorney for Plaintiff

5855 Sandy Springs Circle
Suite 300
Atlanta, GA.30328
(770) 952-7770 (phone)
770-952-6775 (fax)
ken.behrman@behrmanlaw.com